IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ANTONIO RODRIGUEZ ZARATE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:13-CV-33-CDL-MSH |
| | : | 28 U.S.C. § 2241 |
| ERIC HOLDER, JR., U.S. Attorney General, *et al.*, | : | |
| | : | |
| | : | |
| Respondents. | : | |

## RECOMMENDATION OF DISMISSAL

Presently pending before the Court is Respondents' amended motion to dismiss as moot, filed on September 13, 2013.[1] (ECF No. 18.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging the legality of his continued detention by the Immigration and Customs Enforcement. (Pet. for Writ of Habeas Corpus 4-5, ECF No. 1.) Along with their amended motion to dismiss, Respondents filed a Warrant of Removal showing that Petitioner was removed on June 20, 2013. (Resp'ts' Am. Mot. to Dismiss as Moot Ex. H, ECF No. 18-9.) Because of Petitioner's removal, Respondents now contend that Petitioner's pending § 2241 petition is moot and should be

---

[1] Respondents filed their initial motion to dismiss (ECF No. 13) claiming, *inter alia*, that Petitioner's ongoing detention was legal because Petitioner was mandatorily detained under 8 U.S.C. § 1226(c) as he was not yet under a final removal order, and therefore his claims based on his supposed detention under 8 U.S.C. § 1231(a)(6) and the U.S. Supreme Court's ruling in *Zadvydas v. Davis*, 533 U.S. 678 (2001), should be dismissed. The Court has not issued a ruling on Respondents' initial motion to dismiss. Because it is recommended that Respondents' amended motion to dismiss be granted, it is recommended that Respondents' initial motion to dismiss be denied as moot.

dismissed as such.  (Resp'ts' Mem. in Supp. of Am. Mot. to Dismiss as Moot 3-4, ECF No. 18-1.)  The Court agrees and recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted).  "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  *Id.* at 1336.  Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted.  *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254).  Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional."  *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS RECOMMENDED that Respondents' amended motion to dismiss (ECF No. 18) be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudicing his right to file a new § 2241 petition in the future if a change in his circumstances occurs.  It is further recommended that Respondents' initial motion to dismiss (ECF No. 13) be denied as moot.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 16th day of September, 2013.

                                          S/Stephen Hyles
                                          UNITED STATES MAGISTRATE JUDGE